IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENTERPRISE SYSTEMS TECHNOLOGIES S.a.r.l., <br><br>    Plaintiff, <br><br>    v. <br><br> QUALCOMM INCORPORATED, <br>    Defendant. | Civil Action No. <br><br> Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Enterprise Systems Technologies S.a.r.l. ("Enterprise" or "Plaintiff"), for its Complaint against Defendant Qualcomm Incorporated ("Qualcomm" or "Defendant"), hereby alleges as follows:

### THE PARTIES

2. Plaintiff Enterprise is a foreign corporation organized under the laws of Luxembourg, located at 296-298 route de Longwy, Grand-Duche de Luxembourg.

3. On information and belief, Defendant Qualcomm Incorporated is a Delaware corporation headquartered at 5775 Morehouse Drive, San Diego, California 92121. Qualcomm is in the business of directly or indirectly designing, making, selling in the United States, and selling in the United States after importation, importing into the United States a variety of components utilized in communications or computing devices that are manufactured outside of the United States including, but not limited to, integrated circuits, audio codecs, processors, systems-on-chips, and other components utilized in smartphone handsets, tablet computers, e-readers, media players, laptop computers, and other communication- and/or computing-capable consumer electronic devices.

## NATURE OF THE ACTION

4. This is a civil action for the infringement of United States Patent No. 6,785,381 (the "'381 Patent")(attached as Exhibit A) entitled "Telephone having improved hands free operation audio quality and method of operation thereof" and United States Patent No. 6,594,366 (the "'366 Patent")(attached as Exhibit B) entitled "Headset/radio auto sensing jack" (collectively, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. § 1, *et. seq*.

5. Enterprise is the lawful assignee and owner of all right, title and interest in and to the Patents-in-Suit.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1338(a) because this lawsuit is a civil action for patent infringement arising under the patent laws of the United Stated, 35 U.S.C. § 101, *et seq*.

7. On information and belief, Qualcomm is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due to having availed itself of the rights and benefits of Delaware by incorporating under Delaware law and to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

8. Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c). Qualcomm is incorporated in this District and, on information and belief, has transacted business in this District and has contributed or induced acts of patent infringement in this District.

## COUNT I
**(Qualcomm's Infringement of the '381 Patent)**

9. Paragraphs 1 through 8 are incorporated by reference as if fully restated herein.

10. Enterprise is the assignee and lawful owner of all right, title and interest in and to the '381 Patent.

11. The '381 Patent is valid and enforceable.

12. On information and belief Qualcomm is engaged in the manufacture, importation, sale for importation in to the United States, and/or sale within the United States after importation of certain components, including but not limited to integrated circuits, audio codecs, processors, system-on-chips, and other components, which are utilized in communications or computing devices, including for example but without limitation, smartphone handsets, tablet computers, e-readers, media players, laptop computers, and other communications- and/or computing-capable consumer electronic devices. These devices infringe, both literally and/or by equivalence, the '381 Patent. For example, on information and belief, Samsung Electronics Co., Ltd, Samsung electronics America, Inc. and Samsung Telecommunications America, L.L.C. (collectively, "Samsung") and Apple Inc. ("Apple") are each directly infringing the '381 Patent with devices such as Galaxy S5 smartphone device and Apple's iPhone 5S device and other similar devices embodying the Patent.

13. On information and belief, Qualcomm is contributing to and/or inducing the infringement by Samsung and Apple of the '381 Patent. Qualcomm actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '381 Patent by manufacturing and selling components, for example but without limitation, integrated circuits, audio codecs, processors, systems-on-chips, and other components, which if used for their normal and intended purpose lead to direct infringement of

the invention claimed in the '381 Patent. There are no substantial noninfringing uses of these components. Qualcomm knows and intends that the components will be used in their ordinary and customary manner for their intended purpose, namely to facilitate mobile communications or computing, as evidenced by at least product literature distributed in connection with the subject components by Qualcomm.

14. Prior to the filing of this complaint, Qualcomm had actual knowledge of the '381 Patent and that its components and the products incorporating them are imported into, sold and used in the United States. In addition to actual knowledge of the '381 Patent, prior to the filing of this complaint, Qualcomm also has knowledge that use of its components in devices by, among others, Apple and Samsung, and the use by consumers of the devices into which such components are incorporated, in the customary and intended manner is likely to infringe the '381 Patent. (Exhibit C, Letter to Qualcomm)

15. On information and belief, Qualcomm has continued to sell components and distribute product literature and website materials inducing Apple, Samsung and others to use its products in the customary and intended manner which infringes the '381 Patent.

16. Enterprise is entitled to recover damages adequate to compensate for Qualcomm's infringement.

## COUNT II
### (Qualcomm's Infringement of the '366 Patent)

17. Paragraphs 1 through 16 are incorporated by reference as if fully restated herein.

18. Enterprise is the assignee and lawful owner of all right, title and interest in and to the '366 Patent.

19. The '366 Patent is valid and enforceable.

20.     On information and belief Qualcomm is engaged in the manufacture, importation, sale for importation in to the United States, and/or sale within the United States after importation of certain components, including but not limited to integrated circuits, audio codecs, processors, system-on-chips, and other components, which are utilized in communications or computing devices, including for example but without limitation, smartphone handsets, tablet computers, e-readers, media players, laptop computers, and other communications- and/or computing-capable consumer electronic devices. These devices infringe, both literally and/or by equivalence, the '366 Patent. For example, on information and belief, Samsung and Apple are each directly infringing the '366 Patent with devices such as Galaxy S5 smartphone device and Apple's iPhone 5S device and other similar devices embodying the Patent.

21.     On information and belief, Qualcomm is contributing to and/or inducing the infringement by Samsung and Apple of the '366 Patent. Qualcomm actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '366 Patent by manufacturing and selling components, for example but without limitation, integrated circuits, audio codecs, processors, systems-on-chips, and other components, which if used for their normal and intended purpose lead to direct infringement of the invention claimed in the '366 Patent. There are no substantial noninfringing uses of these components. Qualcomm knows and intends that the components will be used in their ordinary and customary manner for their intended purpose, namely to facilitate mobile communications or computing, as evidenced by at least product literature distributed in connection with the subject components by Qualcomm.

22.     Prior to the filing of this complaint, Qualcomm had actual knowledge of the '366 Patent and that its components and the products incorporating them are imported into, sold and

used in the United States. In addition to actual knowledge of the '366 Patent, prior to the filing of this complaint, Qualcomm also has knowledge that use of its components in devices by, among others, Apple and Samsung, and the use by consumers of the devices into which such components are incorporated, in the customary and intended manner is likely to infringe the '366 Patent (Exhibit C, Letter to Qualcomm).

23. On information and belief, Qualcomm has continued to sell components and distribute product literature and website materials inducing Apple, Samsung and others to use its products in the customary and intended manner which infringes the '366 Patent.

24. Enterprise is entitled to recover damages adequate to compensate for Qualcomm's infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a) A judgment that the '381 Patent and the '366 Patent are valid and enforceable.

b) A judgment that Defendant has contributorily infringed and/or induced infringement of one or more claims of the '381 Patent; and

d) A judgment that Defendant has contributorily infringed and/or induced infringement of one or more claims of the '366 Patent;

g) A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

    i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

    ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and issues so triable.

DATED: June 17, 2014

Of Counsel:

Michael T. Renaud
James M. Wodarski
Andrew H. DeVoogd
Marguerite McConihe
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY & POPEO P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
mtrenaud@mintz.com
jwodarski@mintz.com
ahdevoogd@mintz.com
mmcconihe@mintz.com

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*
*Enterprise Systems Technologies S.a.r.l.*